HOLMES, Judge.
This is a contract case.
The plaintiff sued the defendants for failure to pay monetary installments on an oral contract. After an ore tenus hearing, the trial court found that the defendants were in default of the oral contract. The trial court also found that six percent interest was payable on the original contract amount of $7,500 and awarded the plaintiff a total amount of $4,595 in principal and interest.
The defendants appeal, contending that' the trial court erred in finding that six percent interest was payable on the principal amount of $7,500. We agree and reverse the learned trial judge.
The brief facts are that the defendant husband was a long-time employee and friend of the plaintiff. He performed several jobs for the plaintiff, and on many occasions these jobs were performed without any compensation.
In 1973, the defendants desired to purchase a house for $7,500. The plaintiff agreed to purchase the house for the defendants with the understanding that the defendants would repay the loan to the plaintiff in monthly installments of $100. There is no dispute that this agreement was an oral contract for the repayment of the loan.
The evidence, however, is in direct conflict as to whether there was any agreement concerning interest on the principal amount of $7,500. The defendant-husband specifically testified that he only agreed to pay back the $7,500 and that no interest was due on that amount. The plaintiff testified that there was an agreement that the defendants would repay the loan with interest at a rate of eight percent per year.
In its order the trial court found that the loan should be repaid with a six percent interest rate and awarded the plaintiff $4,595 for principal and interest due.
As stated, the defendants appeal, contending that the trial court erred in finding that six percent interest was payable on the loan.
First, we note that the general rule is that an oral contract to buy land is in violation of the statute of frauds and is void. However, there is an exception, as in this case, when a portion of the purchase money has been paid and the purchaser has been put in possession of the land by the seller. See § 8 — 9—2(5), Ala.Code (1975); Wells v. Croft, 442 So.2d 50 (Ala.1983). The applicability of the above principle of law is, in the instant appeal, not in dispute.
*727 The defendants contend that there was no evidence from which the trial court could find that six percent interest was the applicable interest rate payable on the oral contract.
The defendants further contend that under Alabama law, as applied to the facts in this ease, the only conclusion that the trial court could reach would be that no interest could be charged on the principal amount of the loan.
Section 8-8-1, Ala.Code (1975), which in the instant case is the applicable code section, states that:
“Except as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods or things in action, except by written contract is $6.00 upon $100.00 for one year, and the rate of interest by written contract is not to exceed $8.00 upon $100.00 for one year and at that rate for a greater or less sum or for a longer or shorter time.”
There is no dispute that the contract between the plaintiff and the defendants was entirely oral. Thus, in accordance with § 8-8-1, Ala.Code (1975), the maximum rate of interest permitted by law in this instance is six percent per year. [1]
We note that, in view of certain language found in Fletcher v. Tuscaloosa Federal Savings and Loan Association, 294 Ala. 173, 314 So.2d 51 (1975), the Alabama Mini-Code is not applicable to the instant facts. See Fletcher, 294 Ala. at 178, 314 So.2d at 56. Nor is it otherwise contended.
Additionally, § 8-8-12(b), Ala.Code (1975), states in part that:
“(b) The borrower of money at a usurious rate of interest shall not in any case be required to pay more than the principal sum borrowed, and if any interest has been paid, the same must be deducted from the principal and judgment entered for the balance only....”
It is clear from the above that, if the trial court believed the testimony of the plaintiff regarding the eight percent per year interest on the loan, the court was bound to follow § 8-8-1 and § 8-8-12(b), finding that no interest could be charged on the principal.
Summarizing, if the trial court had believed the defendant-husband that there was no interest on the loan, then the defendants would only be required to pay the principal amount of $7,500. If the trial court had believed the plaintiff that the interest on the oral contract was eight percent per year, then the trial court would be required to find that eight percent was a usurious rate and, therefore, no interest could be charged in accordance with §§ 8-8-1 and 8-8-12(b), Ala.Code (1975).
Based upon whichever parties’ testimony the court chose to believe, the result would be the same. No interest could be found to be payable on the loan, and the trial court erred in determining that six percent interest was payable on the principal amount.
The plaintiff’s only contention on appeal is that the trial court is possessed with equitable powers and could exercise its equitable discretion in finding that the defendants were required to pay six percent interest on the principal amount. In view of the above, this contention is without merit.
This case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.

. We note that, under current Alabama law, the parties might not be bound by the six percent interest limitation set forth in § 8-8-1. See § 8-8-5, Ala.Code (1975).